**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LOS ANGELES COUNTY OFFICE OF EDUCATION,<br><br>   Plaintiff-counter-defendant - Appellee,<br><br> v.<br><br>C. M., Adult Student, AKA Crystal Moriwaki,<br><br>   Defendant-counter-claimant - Appellant. | No. 12-55298<br><br>D.C. No. 2:10-cv-04702-CAS-AGR<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted December 5, 2013
Pasadena, California

Before: CANBY, WATFORD, and HURWITZ, Circuit Judges.

**1.** The district court erred in denying C.M.'s request for attorney's fees on

the ground that she was not a "prevailing party." *See* 20 U.S.C. § 1415(i)(3)(B)(i).

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

A party prevails in this context when she "succeeds on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit," so long as that success is not "purely technical or *de minimis*." *Parents of Student W v. Puyallup Sch. Dist., No. 3*, 31 F.3d 1489, 1498 (9th Cir. 1994). C.M. prevailed on a "significant issue" in both proceedings before the Office of Administrative Hearings (OAH). At the first proceeding, the Administrative Law Judge (ALJ) held that the Los Angeles County Office of Education (LACOE) was required to initiate C.M.'s placement in a Residential Treatment Center (RTC) by, for example, arranging transportation, signing contracts, and providing initial funding. At the second proceeding, the ALJ affirmed that holding and rejected LACOE's continued resistance to paying for C.M.'s placement. The ALJ further held that the Los Angeles Unified School District (LAUSD) was responsible for C.M.'s placement following her release from juvenile hall. The ALJ's holding that LAUSD, not LACOE, was required to pay for the RTC in the long term is irrelevant to C.M.'s success regarding LACOE's initial placement responsibility.

C.M. did not, however, prevail on any significant issue in the district court proceeding. LACOE prevailed, and C.M. lost, on the only issue the court reached: whether the ALJ correctly denied LACOE's motion to join LAUSD as a party in the OAH proceedings. C.M. should be awarded fees for both OAH proceedings,

but the district court may take into account C.M.'s "degree of success" by reducing or denying fees for the district court proceeding.  *See Aguirre v. Los Angeles Unified Sch. Dist.*, 461 F.3d 1114, 1121 (9th Cir. 2006).

**2.**  C.M. also challenges the district court's remand order on the merits. Because the district court did not abuse its discretion in consolidating the two due process proceedings and remanding them to the OAH, we affirm the remand order.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

**No costs.**